**LIN XUN LIN–LUI, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 08–1183–ag.**

United States Court of Appeals, Second Circuit.

Dec. 10, 2008.

John Chang, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Richard M. Evans, Assistant Director, Christina Bechak Parascandola, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Lin Xun Lin–Lui, a native and citizen of the People's Republic of China, seeks review of the February 28, 2008 order of the BIA affirming the November 8, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Xun Lin–Lui,* No. A98 720 429 (B.I.A. Feb. 28, 2008), *aff'g* No. A98 720 429 (Immig. Ct. N.Y. City Nov. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion affirming the IJ's decision in part and modifying it in part, we review the IJ's decision as modified by the BIA, confining our review to the rationale of the IJ on which the BIA relied. *See Dong Gao v. BIA,* 482 F.3d 122, 125 (2d Cir.2007). We review *de novo* "[q]uestions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof." *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 117 (2d Cir.2007). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao,* 482 F.3d at 126. As Lin–Lui's asylum application was filed with the IJ after May 11, 2005, the provisions of the REAL ID Act apply. *See Matter of S–B–,* 24 I. & N. Dec. 42, 45 (B.I.A.2006).

We find no error in the agency's conclusion that Lin–Lui's asylum and withholding of removal claims lacked a sufficient nexus to a protected ground. Pursuant to the REAL ID Act, an asylum "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." *See,* 8 U.S.C. § 1158(b)(1)(B)(I). As to his claim based on his illegal departure, Lin–Lui did not argue before the BIA, and does not argue before this Court, that a protected ground

would be a "central" (or indeed even a partial) reason motivating any harm he might experience. Accordingly, we consider any such argument to be abandoned. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007). Regarding his fear of persecution at the hands of "loan sharks," Lin–Lui argues that the BIA erred in failing to consider whether he demonstrated that such persecution would be on account of his membership in a particular social group. However, because he failed to raise that argument before the BIA, and because the government has asserted Lin–Lui's failure to exhaust that argument as an affirmative defense, we decline to consider it. *See Lin Zhong,* 480 F.3d at 119–20, 124. Because the agency's nexus findings were dispositive of Lin–Lui's asylum and withholding claims, his failure to properly challenge them is fatal to this aspect of his petition for review.

▪ In addition, we find no error in the agency's denial of Lin–Lui's claim that he will be tortured by the Chinese government for his illegal departure. While he points to some evidence that those who have departed China illegally are sometimes detained, and that some detainees are tortured in China, such evidence is not sufficiently "particularized" to compellingly contradict the agency's conclusion that he failed to demonstrate that someone in his circumstances would more likely than not face torture.[1] *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED.

---

1. Because he failed to raise any such argument before the BIA or before this Court, Lin–Lui has abandoned his CAT claim based on a fear of torture at the hands of "loan sharks." *See Gui Yin Liu,* 508 F.3d at 723 n. 6.